## LIEN.

BRYCE and RENNIE *v.* BROOKS, 26 Wend. 367 to 382.

S. Ct.    Reported in Sup. Ct. 21 Wend. 14.

### *Lien of Factor of Purchasing Agent, who had Advanced Purchase Money.*

THIS was an action of trover by B. and R. against Brooks, in the New York Superior Court, for a quantity of *rollers* for printing calicoes.

In September, 1833, Brooks at the request of B. and R., sent an order to his correspondent at Manchester, to have a quantity of rollers prepared and sent to him with all possible dispatch, and on the 15th of October, a similar order. The first quantity was accordingly sent and arrived in New York in February, 1834. On the 11th of March, B. and R. gave B. a draft at 4 months, on a house in Philadelphia, for $1,623, the *cost of the first parcel*, and Brooks gave a receipt for it on the invoice, specifying that when paid it would be in full for the invoice. The second parcel arrived about the time of giving the draft, but whether before or after, did not distinctly appear. The cost of the second parcel was $134; both were paid for in England by Brooks. After receiving the draft, Brooks refused to deliver the first parcel, *unless security was also given* for the second. The demand was made previous to the 20th of March. The works of R. and B., for which rollers were intended, were destroyed by fire on the 24th of March, whereby they became insolvent. The draft for $1,623, was paid at maturity, but before it fell due, viz.; in June, this suit was commenced. The Chief Justice of the New York Superior Court, charged the jury, that at the *time of the demand*, the property of the first parcel of rollers was vested in the plaintiffs, and that the defendant had not such

a lien upon it as to entitle him to retain it; and that the refusal to deliver it, being evidence of conversion, the defendants were liable in trover. Verdict for plaintiffs, and charge excepted to.

On writ of error, the Supreme Court *reversed* the judgment, and awarded a *venire de novo;* holding that the defendant Brooks, had a lien for the general balance due to him from plaintiffs, and did not waive it by taking the draft. On error to this court,

The Court of Errors held, that the importer, Brooks, by delivering the *invoice* of the *first* parcel to his principal, and accepting his draft for the amount payable at a future day, had *waived his lien*, which would otherwise have existed on the first parcel for the price of both, and that an action of trover lay against him to recover it.

The Chancellor delivered a brief opinion for *affirmance* of the judgment of the Supreme Court, holding that the question of waiver should have been submitted to the jury, that *from the form of the receipt,* it may be questioned whether the defendant did not retain his lien. But the court by a vote of 15 to 7 *reversed* the judgment.